# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| JEFF CHENEY, <br><br> Petitioner, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | No. C 10-3031-MWB <br> No. CR 07-3010-MWB <br><br> **ORDER REGARDING PETITIONER'S PRO SE REQUEST TO ENTERTAIN RULE 60(b)(6) MOTION** |

## *I. INTRODUCTION*

This case is before me on petitioner Jeff Cheney's *Pro Se* Request To Entertain Rule 60(b)(6) Motion (docket no. 25) (Motion). Prior to filing this Motion, Cheney filed a *Pro Se* Notice Of Appeal (docket no. 18) to the United States Court of Appeals for The Eighth Circuit, on August 24, 2011. On December 23, 2011, the Court of Appeals entered a Judgment (docket no. 22) denying Cheney's application for a certificate of appealability. Further, on February 7, 2012, the Court of Appeals entered an Order (docket no. 23) denying Cheney's petition for rehearing of the application for a certificate of appealability. Cheney then filed this Motion on April 19, 2012. In his Motion, Cheney claims that my previous ruling, of August 11, 2011, denying his Motion Under 28 U.S.C. § 2255, should be reconsidered based on a letter from the Bureau of Prisons received by Cheney in the process of Cheney's pursuit of an administrative remedy. *See* Motion at 1-2. Cheney also seeks to have my prior ruling reconsidered by arguing that the application of a sentencing enhancement in his case was in violation of the United States Constitution. *See* Motion at 5-6. Cheney seeks to have my previous Memorandum Opinion and Order and the

subsequent Judgment (docket nos. 16 & 17), denying him § 2255 relief, vacated.  Cheney seeks the relief he first sought in his § 2255 motion, specifically, additional credit for time served and/or to have application of the sentencing enhancement overturned.  *See* Motion at 1-2.

The respondent filed a Response To Petitioner's *Pro Se* Request To Entertain Rule 60(B)(6) Motion (docket no. 26), on April 25, 2012, arguing first, that Cheney's Motion is untimely.  *See* Response at 2-3.  Respondent also argues that Cheney's Motion should be denied on the ground that Cheney has not demonstrated "extraordinary circumstances justifying the reopening of a final judgment" because the record indicates that Cheney received 77 days of credit for time served.  *See* Response at 4-5.  Respondent further argues that Cheney's claims regarding the enhancement were raised and rejected in Cheney's prior § 2255 Motion.  *See* Response at 4.

## II.  *LEGAL ANALYSIS*

Rule 60(b) of the Federal Rules of Civil Procedure allows for relief from a judgment or order under certain prescribed circumstances and applies to habeas proceedings to the extent it is not inconsistent with the Anti-Terrorism and Effective Death Penalty Act (AEDPA).  *See Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009); *see also* 28 U.S.C. § 2255; FED. R.CIV.P. 60(b); FED.R.CIV.P. 81(a)(4).  However, if a motion pursuant to Rule 60(b) is actually a successive § 2255 motion, it requires certification by a court of appeals before filing.  *See* 28 U.S.C. §§ 2244(b)(3)(A).  "It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive § 2254 or § 2255 action by purporting to invoke some other procedure."  *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005); *see also United States v. Patton*, 309 F. 3d 1093, 1094 (8th Cir. 2002) (per curiam) (inmates may

2

not bypass authorization requirement of § 2255 by purporting to invoke some other procedure); *Boyd v. United States*, 304 F.3d 813, 814 (8th Cir. 2002) (per curiam) (if a Rule 60(b) motion is actually a successive habeas petition, the district court should deny it for failure to obtain authorization from the court of appeals, or in its discretion, transfer the motion to the court of appeals).

When presented with a purported Rule 60(b) motion following the dismissal of a previous habeas petition, district courts should conduct a brief initial inquiry to determine whether the allegations in the Rule 60(b) motion in fact amount to a second or successive collateral attack under 28 U.S.C. § 2255. *See Boyd*, 304 F.3d at 814.

A Rule 60(b) motion seeking relief from the denial of a § 2255 motion and raising claims of a postconviction relief nature should be construed as a successive § 2255 motion. *See Guinan v. Delo*, 5 F.3d 313, 316-17 (8th Cir. 1993); *see also Blair v. Armontrout*, 976 F.2d 1130, 1134 (8th Cir. 1992). A Rule 60(b) motion is a second or successive habeas corpus application if it contains a claim. *Ward*, 577 F.3d at 933. When no "claim" is presented, there is no basis for contending that the Rule 60(b) motion should be treated like a habeas corpus application. *Gonzalez v. Crosby*, 545 U.S. 524, 533 (2005). For the purpose of determining whether the motion is a habeas corpus application, "claim" is defined, as applicable to the facts of this case, as an attack on the "federal court's previous resolution of the claim on the merits." *See Ward*, 577 F.3d at 933. "On the merits" refers "to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief . . . ." *Id*. When a Rule 60(b) motion presents a claim, it must be treated as a second or successive habeas petition under AEDPA. *Id*.

No claim is presented if the motion attacks "some defect in the integrity of the federal habeas proceedings." *See Gonzalez*, 545 U.S. at 532. "Likewise, a motion does not attack a federal court's determination on the merits if it 'merely asserts that a previous

3

ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.'" *Ward*, 577 F.3d at 933 (quoting *Gonzalez*, 545 U.S. at 530). "The Supreme Court has 'note[d] that an attack based on the movant's own conduct, or his habeas counsel's omissions, ordinarily does not go to the integrity of the proceedings, but in effect asks for a second chance to have the merits determined favorably.'" *Id*. (quoting *Gonzalez*, 545 U.S. at 532 n.5). Although an assertion of ineffective assistance of habeas counsel may be characterized as a defect in the integrity of the habeas proceeding, it ultimately seeks to assert or reassert substantive claims with the assistance of new counsel. *Id*. at 932. Moreover, the AEDPA specifically prohibits such grounds for relief. *Id*.

### *A. Timeliness*

Respondent argues that Cheney's Motion is not timely filed and should be dismissed. Response at 2-3. A motion under Rule 60(b) must be made within a reasonable time - and if based on mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or an allegation of fraud, misrepresentation, or misconduct by an opposing party, no more than a year after the entry of the judgment or order or the date of the proceeding. *See* Fed. R. Civ. P. 60(c).

Cheney filed this Motion on April 19, 2012, challenging my order denying him relief on his prior motion pursuant to 28 U.S.C. § 2255, which was entered on August 11, 2011. Thus, his Motion was filed well within one year. *See* Motion at 2. Cheney's Motion is, therefore, timely.

### B. *Newly Discovered Evidence*

"Motions under Rule 60(b)(2) on the ground of newly discovered evidence are viewed with disfavor." *Haigh v. Gelita USA, Inc.*, 632, F.3d 464, 472 (8th Cir. 2011). In order to succeed on such grounds, Cheney must show (1) the evidence was discovered after trial; (2) he exercised due diligence in discovering it; (3) the evidence is material and not merely cumulative or impeaching; and (4) the evidence is such that a new trial would probably produce a different result. *Id*.

Cheney claims that a letter from the Bureau of Prisons constitutes newly discovered evidence in his case. *See* Motion at 1. It appears that Cheney's position in this regard is based on a misunderstanding of the difference between calculating credit for time served and the provisions of U.S.S.G. § 5G1.3 (c) providing that a court may run the sentence for an undischarged term of imprisonment concurrently, partially concurrently, or consecutively to the prior undischarged term. In this case, I determined, at sentencing, that it was appropriate, pursuant to the provisions of U.S.S.G. § 5G1.3, specifically pursuant to U.S.S.G. § 5G1.3(c), to run Cheney's sentence in the instant offense concurrently to his undischarged term of imprisonment. *See* Sent. Trans. at 41; PSIR ¶ 92. While the initial Judgment (Cr. Docket no. 129), in Cheney's case did not reflect that the sentences were to run concurrently, an Amended Judgement In A Criminal Case (Cr. Docket no. 211) was filed on June 22, 2011, correcting the sentence to reflect that it was to run concurrently with the sentence in Iowa Case No. FECR326353. As a result of this amendment, the Bureau of Prisons updated Cheney's sentence computation to take into account the change. *See* Motion, Ex. 1. There is no evidence to support the position that the Bureau of Prisons has failed to administer the sentence as ordered. *See United States v. Wilson*, 503 U.S. 329, 331-35 (1992) (after district court sentences federal offender,

5

Attorney General, through Bureau of Prisons, has responsibility for administering sentence, including awarding credit for time served on federal sentence); *Sisemore v. Outlaw*, 363 Fed. Appx. 424 (8th Cir. 2010) (citing *Coloma v. Holder*, 445 F.3d 1282, 1293-84 (11th Cir. 2006) (per curiam) (district court's order that prison term should run concurrently with prison term already being served did not mean the two sentences had the same starting date; federal sentence cannot commence prior to date it is pronounced, even if made concurrent with sentence already being served)). The statement of the Bureau of Prisons that "an adjustment to the term under the provisions of U.S. Sentencing Guidelines § 5G1.3, can only be performed by the federal sentencing court" (Motion, Ex. 1), is not newly discovered evidence, but merely a statement regarding what they believe the law to be, and is in accordance with the sentencing decision previously made in Cheney's case. Arguably, such a statement by the Bureau of Prisons, in other circumstances, might have been newly discovered evidence if Cheney had been sentenced pursuant to U.S.S.G. §5G1.3(b), requiring a court to adjust a sentence in the event that a period of credit will not be given by the Bureau of Prisons, but here, Cheney was sentenced pursuant to U.S.S.G. § 5G1.3(c), and the letter from the Bureau of Prisons does not constitute material newly discovered evidence.

The evidence that Cheney has produced to support his claim is neither material nor would it lead to a different result; therefore, his Motion, on this ground, is denied. See *Haigh*, 632, F.3d at 472.

### C. Merely Successive

The remainder of Cheney's claims, including that he was subjected to multiple punishment for the same conspiracy and that he suffered double jeopardy, are claims that he raised and argued unsuccessfully in his previous §2255 Motion and, therefore, are

denied and dismissed for failure to obtain authorization form the Eighth Circuit Court of Appeals for a successive § 2255 motion. *See United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005) (citing *Boyd v. United States*, 304 f.3d 813, 814 (8th Cir. 2002) (per curiam)).

### III. CONCLUSION

Upon the foregoing, Cheney's April 19, 2012, *Pro Se* Request To Entertain Rule 60(b)(6) Motion (docket no. 25) is **denied and dismissed in its entirety**.

**IT IS SO ORDERED.**

**DATED** this 22nd day of May, 2012.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA